**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

March 6, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MILDRED THORNTON, WIDOW OF CARL THORNTON**
**Claimant Below, Petitioner**

**vs.)   No. 11-0782**  (BOR Appeal No. 2045144)
                    (Claim No. 2009053285)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**DANIS INDUSTRIES CORPORATION,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Mildred Thornton, widow of Carl Thornton, by John Skaggs, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Mary Rich Maloy, its attorney, and Danis Industries Corporation, by Timothy Huffman, its attorney, filed timely responses.

This appeal arises from the Board of Review's Final Order dated April 12, 2011, in which the Board affirmed a September 30, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 23, 2009, decision rejecting the claim for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Thornton filed a claim for dependent's benefits on May 1, 2008, following the November 1, 2007, death of her husband, Carl, who died as a result of metastatic lung cancer. Ms. Thornton alleges that her husband, who was employed as a construction worker with various employers, was exposed to the hazards of occupational pneumoconiosis throughout the course of his employment and that she is therefore entitled to dependent's benefits. In its decision affirming the June 23, 2009, claims administrator's decision, the Office of Judges held that the preponderance of the evidence does not establish that the decedent was exposed to the hazards of occupational pneumoconiosis for the statutorily prescribed time period necessary for the prosecution of a dependent's benefits claim.

West Virginia Code § 23-4-1(b) (2003) provides in part that "compensation shall not be payable for the disease of occupational pneumoconiosis, or death resulting from the disease, unless the employee has been exposed to the hazards of occupational pneumoconiosis in the State of West Virginia over a continuous period of not less than two years during the ten years immediately preceding the date of his or her last exposure to such hazards, or for any five of the fifteen years immediately preceding the date of his or her last exposure." After reviewing the decedent's work records, the Office of Judges found that he fell far below the minimum exposure requirements contained in the Statute. The Board of Review reached the same reasoned conclusion in its decision of April 12, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 6, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II